**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| YOLANDA AMUNATIGUI and WILSON BAQUERO,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT W. COTTLE, *et al.*,<br><br>Defendants. | Civil Action No. 22-4299 (SDW) (JRA)<br><br>**WHEREAS OPINION**<br><br>August 12, 2022 |

    **THIS MATTER** having come before this Court upon *pro se* Plaintiffs Yolanda Amunatigui[1] and Wilson Baquero's ("Plaintiffs") filing of a Complaint, (D.E. 1), and an Application to Proceed in District Court Without Prepaying Fees or Costs, (D.E. 1-1 ("IFP application")), and this Court having *sua sponte* reviewed the Complaint for sufficiency pursuant to Fed. R. Civ. P. 8(a)(2) and (3) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); and

    **WHEREAS** IFP applications are available to plaintiffs or petitioners in order to be excused from paying certain fees for district court proceedings, including those required to commence a civil action. Here, Plaintiffs' IFP application fails to supply any information about their income, expenses, or assets; and

    **WHEREAS** when a litigant petitions the Court to proceed without the prepayment of fees, the Court has an obligation to screen the complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Furthermore, *pro se*

---

[1] The case caption on the docket appears to incorrectly refer to this plaintiff's last name as "Amanaligui."

complaints, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), must still "state a plausible claim for relief," *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x 138, 141 (3d Cir. 2014) (quotation and citation omitted); *Martin v. U.S. Dep't of Homeland Sec.*, Civ. No. 17-3129, 2017 WL 3783702, at *3 (D.N.J. Aug. 30, 2017). Under Fed. R. Civ. P. 8(a)(2), an adequate complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"; and

**WHEREAS** Plaintiffs' Complaint contains allegations against multiple defendants but fails to state a cognizable legal claim. Plaintiffs appear to assert various tort claims against their former lawyers, but no factual details in their pleading can support their implausible request for $777,000,000 in damages. (Compl. at 4.) Moreover, the Complaint also suggests that this Court lacks personal jurisdiction over the defendants, as they all reside in Nevada and the events giving rise to Plaintiffs' claims occurred in Nevada. (Compl. at 2–3.)[2] Critically, the Complaint also suggests that this Court lacks subject matter jurisdiction over the case, as the only bases asserted for federal question jurisdiction are plainly frivolous. (*See* Compl. at 2 (citing the "Treaty of Guadalupe Hidalgo" and the "Treaty of Friendship Between the United States and Spain")); therefore,

Plaintiffs' IFP application is **DENIED WITHOUT PREJUDICE** and Plaintiffs' Complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiffs shall have thirty (30) days to file an amended complaint and either pay the filing fee or submit a renewed IFP application for each plaintiff that includes sufficient information about his or her income, expenses, and assets. An appropriate order follows.

---

[2] This Court may only exercise personal jurisdiction over defendants that have certain minimum contacts with New Jersey, "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007) (quotation omitted).

                /s/ Susan D. Wigenton
                **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc:  José R. Almonte, U.S.M.J.
   Parties